MARK CARTON
Attorney at Law California State Bar No. 135717
2130 Fillmore Street #162
San Francisco, CA 94115
Telephone: (415) 567-5517
mcarton@earthlink.net

Attorney for Plaintiff
BRIAN M. FISCHER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTHERN CALIFORNIA
OAKLAND DIVISION

IN RE: MARIO MSB FEUSIER

            DEBTOR

BANKRUPTCY CASE NO: 4:12-bk-42005 RLE
(Related Bankruptcy Case No.: 12-bk-43885 RLE)

Chapter 7

BRIAN M. FISCHER,

Plaintiff

Vs.

MARIO MSB FEUSIER (dba PREFERRED REAL
ESTATE, PREFERRED REAL ESTATE SERVICE,
PREFERRED REAL ESTATE SERVICES,
PREFERRED REAL ESTATE & INVESTMENTS);
MARIO FEUSIER III (dba PREFERRED REAL
ESTATE SERVICE, PREFERRED REAL ESTATE
SERVICES); CONSTANCE HUBBARD; DEAN
HUBBARD; LENDERS NORTHSTAR MORTGAGE
GROUP, INC. dba PREFERRED REAL ESTATE,
PREFERRED REAL ESTATE SERVICE, PREFERRED
REAL ESTATE SERVICES, PREFERRED REAL
ESTATE & INVESTMENTS; AMBRISH PATEL;
EDWIN HEATH;


Defendants

Adv. Pro. No.
COMPLAINT FOR DAMAGES FOR
FRAUDULENT CONCEALMENT/
INDUCEMENT TO PURCHASE PROPERTY;
INTENTIONAL FAILURE TO DISCLOSE
DEFECTS; CONSPIRACY TO DEFRAUD;
AIDING AND ABETTING FRAUDULENT
FAILURE TO DISCLOSE DEFECTS;
COMPLAINT FOR VIOLATION OF RICO
STATUTES 18 USC §1961 ET SEQ;
COMPLAINT TO DETERMINE THE NON-
DISCHARGEABILITY OF DEBT UNDER 11
USC § 523 (a) (2) (A), (B); 11 USC §523 (a) (6);
11 USC § 523 (13); 11 USC §727 (a) (2), (a) (3), (a)
(4), (a) (5), (a) (12); 11 USC §522 (q) (1) (B);

Plaintiff, BRIAN M. FISCHER, files this complaint and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a core proceeding over which the court has jurisdiction pursuant to 28 USC §157 and

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4);
11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B);
FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE
DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS;
VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

1

§ 1334 and United States District Court Local Rule 2100.1. The matter in controversy arises under

11 USC §523 (a) (2) (A), 11 USC §523 (a) (4); 11 USC §523 (a) (6); 11 USC §727 (a) (2), (a) (3),

(a) (4), (a) (5), (a) (6), (a) (12); 11 USC §522 (q) (1) (B), 28 USC §1961 et. seq. and Bankruptcy

Rule 7001. As such, the Bankruptcy Court has jurisdiction to hear and to determine this proceeding

and to enter an appropriate order and judgment. Any claims alleged herein that are not core

proceedings are legally and factually related to the core proceedings, and are related to DEBTOR's

bankruptcy case such that is lawful, appropriate and economical to join such claims.

2.      This adversary proceeding arises in the case of <u>IN RE: MARIO MSB FEUSIER,</u> U.S.

Bankruptcy Court Case No. 12-42005-RLE. DEBTOR filed a voluntary petition under Chapter 7 of

the Bankruptcy Code on March 5, 2012 in the U. S. Bankruptcy Court for the Northern District of

California, Oakland Division and his case is assigned to the Honorable Judge Roger L. Efremsky.

3.      The 341(a) meeting of the Creditors was first set for March 27, 2012, and upon no

appearance by DEBTOR or his attorney, was continued to April 27, 2012. The 341(a) meeting was

then continued to May 8, 2012, again because of no appearance by DEBTOR or his attorney at the

April 27, 2012 meeting. The deadline for Fischer to file a complaint objecting to discharge under 11

USC §523 or § 727 is May 29, 2012.

4.      Venue is proper in the U. S. Bankruptcy Court, Northern District of California, Oakland

Division under 28 U.S.C. §1409, as the DEBTOR's bankruptcy case is pending in this judicial

court. DEBTOR's case is related to Chapter 13 Case No. 12-43885 RLE, entitled <u>IN RE MARIO</u>

<u>FEUSIER III</u>, filed in the U. S. Bankruptcy Court, Northern District of California, Oakland

Division. Co-defendant, MARIO FEUSIER III's case is assigned to Hon. Judge Roger L. Efremsky.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4);
11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B);
FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE
DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS;
VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

2

5.     The instant action is also brought, in part, pursuant to the provisions of the Racketeer Influenced and Corrupt Organization Act  ("RICO") *18 USC §§1961 et. seq.,* along with related and associated causes of action arising under the law of the State of California.  Jurisdiction is conferred on this Court by *28 USC §1331* and *18 USC §1964.*

6.     Venue is also proper in this district pursuant to *28 USC §1391* and *18 USC §1961 et seq.* in that the defendants conducted business affairs within and throughout the State of California and in this district; a substantial portion of the acts and conduct giving rise to the causes of action occurred within this jurisdiction, and the defendants solicited the purchase and sale of real property by making such solicitations within this jurisdiction as herein alleged.

## NATURE OF THIS ACTION

7.     Plaintiff brings this action against DEBTOR and all defendants alleging fraudulent and unlawful conduct in connection with the purchase and sale of real property located at 5849 Ascot Drive, Oakland California (referred to herein as the "Property"). Plaintiff, the purchaser, alleges that the sellers, their agents, brokers and related persons and companies, including DEBTOR, all knew of significant defects of, and/or repairs made to, the Property. Such defects/repairs were knowingly made without licensed contractors; not done in conformity to applicable building codes, and done without requisite building permits or government inspections. None of this information was disclosed to Plaintiff prior to the sale of the Property. Plaintiff further alleges defendants willfully and fraudulently actively and intentionally concealed said defects and/or failed to disclose the known Property defects and significant repairs, contrary to statutory requirements and other duties owed to Plaintiff, all to Plaintiff's damage.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

3

8.     Plaintiff also brings this action under the RICO Act, alleging that all defendants engaged in concert in a variety of unlawful, knowing, and fraudulent joint enterprises, schemes and endeavors, as further described herein below. Plaintiff's damages herein arise from defendants' fraudulent enterprises.

9.     Plaintiff further brings this action requesting the Court determine that the specific debt owed by DEBTOR to Plaintiff, is not dischargeable due to DEBTOR's knowing, willful, and malicious actions and/or fraudulent activities, including those alleged under the RICO Act. Plaintiff further seeks a Court determination that DEBTOR's debts listed in his bankruptcy petition are all non-dischargeable under 11 USC §523, 11 USC §727, 11 USC §522 and 28 USC §1961 et seq (Civil RICO) as detailed herein based on DEBTOR's and the other defendants' fraudulent conduct, as alleged, along with DEBTOR's willful and malicious actions, causing Plaintiff's damages

10.    Plaintiff asserts that discharge is precluded on the basis that DEBTOR and co-defendants concealed, destroyed, falsified, or failed to keep or preserve recorded information, documents, records, and papers, from which the DEBTOR's financial condition or business transactions might be ascertained;  on the same basis alleges that DEBTOR knowingly and fraudulently in connection with the case made a false oath or account; will /has withheld recorded information, including books, documents, records, and papers, relating to the DEBTOR's property or financial affairs;  DEBTOR further has failed to explain before determination of discharge the loss of assets or deficiency of assets to meet DEBTOR's liabilities;

**PARTIES**

11.    Plaintiff, BRIAN M. FISCHER, (referred to herein as "Plaintiff" or "FISCHER") is an adult

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

4

residing at, and now owning, 5849 Ascot Drive, Oakland, California. All allegations and factual contentions made on Plaintiff's information and belief have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

12.     DEBTOR-Defendant MARIO MSB FEUSIER (referred to as "MARIO" or "DEBTOR"), is a person residing in Martinez, California, and operating and doing business at 3674 Mt. Diablo Blvd., Lafayette California. MARIO's California real estate sales and broker licenses were revoked by the California Department of Real Estate ("DRE") in 2001 for engaging in fraudulent real estate loans and sales transactions.

13.     Since the 2001 revocation of his DRE issued sales/broker licenses, MARIO, in the past and currently, continues to operate unlawfully as a real estate sales agent and broker using the fictitious business names PREFERRED REAL ESTATE, PREFERRED REAL ESTATE SERVICE, PREFERRED REAL ESTATE SERVICES, PREFERRED REAL ESTATE & INVESTMENTS. MARIO used these confusingly similar names concurrently so that he could appear to be operating lawfully in conducting real estate transactions under other person's licenses and fictitious names.

14.     MARIO has continued since 2001 to operate without his own licenses as a real estate sales agent and broker using corporate shell entities LENDERS NORTHSTAR MORTGAGE GROUP INC. ("LENDERS") and NATIONWIDE HOME LOAN SOLUTIONS ("NHLS"). On information and belief MARIO is a controlling shareholder, controlling person, alter ego, controlling officer, director and manager of both LENDERS and NHLS operated at the same business premises controlled by DEBTOR.

15.     Defendant, MARIO FEUSIER III ("FEUSIER III) is MARIO's son, who resides in Orinda California. On May 2, 2012, FEUSIER III filed Chapter 13 Bankruptcy Case No 12-43885 RLE. FEUSIER III is a real estate broker licensed by the DRE, License #01271169. FEUSIER III operated

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

5

under the dba of PREFERRED REAL ESTATE SERVICE and also operated under dba PREFERRED REAL ESTATE SERVICES located at 40 Loma Vista Drive, Orinda, California. On further information and belief, FEUSIER III is the son of defendant MARIO, and he was fully aware at all times that MARIO's broker license was revoked by the DRE in August 2001 based on fraud.

16      On information and belief FEUSIER III is also a controlling shareholder, controlling person, alter ego, controlling officer, director and manager of both LENDERS and NHLS. FEUSIER III controlled LENDERS and NHLS and operated at and is/was doing business at, 3674 Mt. Diablo Blvd., Lafayette California. Both LENDERS and NHLS are also operated at the same business premises used and controlled by defendants MARIO and FEUSIER III.

17.     Defendant, LENDERS, is a now defunct corporation doing business at 3674 Mt. Diablo Blvd., Lafayette, California under the fictitious names PREFERRED REAL ESTATE, PREFERRED REAL ESTATE SERVICE, PREFERRED REAL ESTATE SERVICES, PREFERRED REAL ESTATE & INVESTMENTS. LENDERS is and was a shell corporation created, operated, and controlled by defendants MARIO and FEUSIER for the purpose of creating the appearance that MARIO was personally operating as a lawfully licensed real estate agent/broker.  LENDERS conducted real estate sales under the various fictitious names, without having a licensed broker overseeing the real estate sales of the company, created the appearance that it was properly licensed as a broker, by falsely utilizing the licenses, name, and/or bank accounts of EDWIN HEATH, and/or MARIO FEUSIER III, and/or PREFERRED REAL ESTATE SERVICES. On information and belief, MARIO was a principal of LENDERS, and MARIO FEUSIER III was a principal and investor in LENDERS and/or other MARIO-related companies.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

6

18.     On information and belief, Defendant, AMBRISH PATEL ("PATEL"), is a licensed real estate sales agent operating and doing business at 6701 Exeter Drive, Oakland, California and also operating and doing business at 3674 Mt. Diablo Blvd., Lafayette California. On information and belief, PATEL unlawfully created and/or assisted in creating the appearance that MARIO, LENDERS, and the HUBBARD defendants were properly engaging in the licensed sale of the Property to Plaintiff through a licensed real estate agent, when in fact, at all times that Plaintiff was engaged in the purchase and sale transaction for this Property, PATEL claimed he was in London, England.

19.     On information and belief, Defendant, EDWIN HEATH ("HEATH"), is a licensed real estate sales broker operating and doing business in 2008 at 3674 Mt. Diablo Blvd., Lafayette California. On information and belief, Plaintiff alleges HEATH knowingly and unlawfully created and/or unlawfully and knowingly assisted in creating the appearance that MARIO, LENDERS and the HUBBARD defendants were properly engaging in the licensed sale of the Property to Plaintiff through a licensed real estate broker.

20.     Defendants, CONSTANCE HUBBARD and DEAN HUBBARD (referred to herein as the "HUBBARDS") are husband and wife, who formerly owned the Property located at 5849 Ascot Drive, Oakland. During the spring-summer of 2008, the HUBBARDS listed the Property for sale through the different MARIO related PREFERRED named defendants, directly engaging the services of unlicensed MARIO as the principal broker. MARIO appeared to Plaintiff and to others to have full authority to act as the real estate agent for the HUBBARDS in the sale of the Property.

21.     On information and belief, CONSTANCE HUBBARD met and became connected to MARIO over a substantial period directly through her employment in the Piedmont school district. On information and belief, a principal-agent relationship between CONSTANCE HUBBARD and MARIO

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

7

developed and/or expanded through this connection. The relationship between CONSTANCE & DEAN HUBBARD, and MARIO, the PREFERRED named companies, LENDERS and/or FEUSIER III included the purchase of the HUBBARD'S new residential property and subsequent sale of the Property to Plaintiff.

22.     Defendants, and all of them, are the agents, managers, employees, employers, alter ego, predecessors in interest, successors in interest, controlling persons, shareholder, officers, and directors of the others, acting within the scope of such statuses, relationships, agency and employment, including as well, ratification and/or approval of the relevant conduct of each of the other Defendants herein. In addition, as the selling owners of said Property to Plaintiff, the HUBBARDS acted as principals, and all other defendants acted as their agents in the transactions and occurrences complained of herein, and the HUBBARDS assume and bear all responsibility for the wrongful acts, commissions, and/or omissions of each of their agents as alleged herein.

23.     In addition, all defendants are co-conspirators of the other, acting within the scope of their conspiracy intended to harm Plaintiff, and as such, are all jointly and severally liable to Plaintiff for all damages herein alleged as co-conspirators of the other and are each alleged herein to be responsible for all or part of Plaintiff's damages as set forth below. Defendants MARIO, FEUSIER III, HEATH, and PATEL were acting in concert as co-conspirators through LENDERS, NHLS and through PREFERRED REAL ESTATE, and all other PREFERRED named entities, causing some or all of Plaintiff's damages.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

24.     Despite the revocation of his DRE licenses for engaging in fraud, MARIO unlawfully continues operating as a sales agent/broker using various properly licensed individual's DRE licenses as cover for completing unlawful and unlicensed real estate purchase and sales transactions. These

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

8

individuals, who unlawfully and knowingly allowed MARIO to use their licenses for wrongful use by MARIO include, but is not limited to, co-defendants FEUSIER III, PATEL, and HEATH.

25.     FEUSIER III operates his separate real estate business under the dba PREFERRED REAL ESTATE SERVICES. FEUSIER III allowed MARIO to launder or flow unlawfully obtained funds through FEUSIER III or LENDERS' West America Bank Account No. 0221001860, maintained in the fictitious name PREFERRED REAL ESTATE SERVICES.

26.     From 2001 forward, FEUSIER III knowingly and unlawfully conspired with MARIO, and knowingly and unlawfully allowed MARIO, through LENDERS and PREFERRED REAL ESTATE SERVICES and NHLS to use FEUSIER III'S licenses and related company bank accounts in connection with MARIO's business involvement in purchases and sales of real estate and investment schemes.

27.     MARIO and FEUSIER III engaged in an enterprise whereby they used various MARIO/FEUSIER III's related company bank accounts, including but not limited to the West America account and the NHLS bank account to deposit and/or disperse funds to MARIO derived through theft of investment funds, and/or embezzlement of such funds through fraudulent real estate investments, and/or sales commissions paid unlawfully to MARIO. In addition, funds from unlawful commissions paid to MARIO through unlicensed and/or unlawful real estate sales transactions were funneled through FEUSIER III and/or their joint enterprise related bank accounts. The sale of the Property to Plaintiff was one of such real estate sales transactions in which the commission funds were paid to a MARIO related business name-PREFERRED REAL ESTATE and thereafter filtered through the West America Bank account maintained under the name PREFERRED REAL ESTATE SERVICES, the name under which FEUSIER III was licensed by the DRE.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

9

28. Defendants HEATH and FEUSIER III each deny in writing that either of their real estate licenses were connected to, or authorized to be used in connection with the sale of the Property to Plaintiff. However, each of these defendants are liable to Plaintiff for his damages set forth herein on the basis that they each knowingly allowed and/or colluded with MARIO to present the image to Plaintiff that he was properly licensed by the DRE or acting under a proper sales agent and broker's license in connection with the sale of the Property. Each of these two named defendants, along with PATEL, and the HUBBARDS knowingly facilitated the ability of DEBTOR-MARIO to engage in the fraud in the transaction of sale of the Property to Plaintiff as set forth herein and below.

29. In 2008 through early 2009, PATEL and HEATH represented in advertising flyers that they, through PREFERRED REAL ESTATE SERVICES (FEUSIER III's dba and business) were the listing agent/broker in the sale of the HUBBARDS' Property.

30. At no time between February 2009 through the closing with Plaintiff for the purchase on May 26, 2009, did PATEL physically show the Property to Plaintiff. At all times during this period PATEL claimed he was in England, and directed Plaintiff to deal directly with MARIO in all matters connected to the Property. However, PATEL knowingly allowed the utilization of his real estate license to unlicensed defendant MARIO to facilitate MARIO's unauthorized/unlicensed real estate sale of this Property.

31. MARIO and FEUSIER III engaged in unlawful enterprises as defined in 18 USC §1961 et seq. for the purpose of fraudulently obtaining investments of funds for alleged real estate investment transactions and sales commissions. In order to obtain the funds for the alleged investment transactions, the MARIO/FEUSIER III related "investment company", TRANS PACIFIC CAPITAL ASSETS GROUP LLC had to have a duly issued real estate license in connection with that real estate investment

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

10

company. FEUSIER III "loaned" MARIO the use of his license to the company to give the false appearance that it was properly licensed.

32.     Dr. RANWALJIT MANN has filed suit against MARIO and this MARIO-related company, in which he claimed that MARIO obtained more than Five Hundred Thousand Dollars ($500,000) through a fraudulent real estate investment scheme using the DEBTOR/FEUSIER III controlled company, TRANS PACIFIC CAPITAL ASSETS GROUP LLC ("TRANS PACIFIC"). A significant proportion of the $500,000 derived from this fraudulent transaction and scheme was dispersed by MARIO and/or his and FEUSIER III's TRANS PACIFIC company, to and through FEUSIER III/MARIO's PREFERRED REAL ESTATE SERVICES West America Bank Account #0221001860 and also through NHLS' account.

33.     On information and belief, in 2008 and continuing through 2009, MARIO was engaged by the HUBBARDS to obtain purchasers for the subject residential Property. In connection therewith, MARIO unlawfully acted as a real estate agent and/or broker for his personal gain but at all times was unlicensed as a real estate sales agent and broker.

34.     On information and belief, in 2008, the defendants marketed the Property in multiple ways, including through advertising, flyers, real estate Multiple Listing Service ("MLS") listings, and using the names and business licenses of FEUSIER III, HEATH and PATEL. On further information and belief, Plaintiff alleges that each of the above-designated defendants used confusingly similar fictitious business names, in addition to operating from the same location, and using the same office telephone numbers, for the purpose of engaging in fraudulent and/or unlawful real estate sales investment and sales activities, including, but not limited to, assisting MARIO to engage in the unlicensed selling of real estate.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

11

35.     CONSTANCE HUBBARD was aware that MARIO's California real estate broker license had been revoked; despite this knowledge, the HUBBARDS engaged MARIO's services in 2008 to act as their sales agent in fact, and as a real estate agent and real estate broker to sell the Property.  On further information and belief, the HUBBARDS engaged MARIO thorough a MARIO related company to remedy or repair defects on the Property and to remodel the Property without proper disclosures of such repairs/remedies. Such remodeling repairs and remedying were all done without permits, or inspections, or with licensed contractors performing the repair work. The HUBBARDS knowingly engaged MARIO to repair the Property for 3-4 years of remodeling work before the sale without his or anyone else engaged in the repair work having a proper contractor's license.

36.     On information and belief, all Defendants had full knowledge of, or should have known of, the significant repairs, remodeling, conditions, and defects in and on the Property, however defendants not only knowingly and deliberately failed to disclose the defects in any advertising or in any communications with Plaintiff and all other prospective purchasers, but they engaged in a variety of affirmative actions designed to cover up and conceal the defects and repairs. Only after the sale of the Property to Plaintiff did the HUBBARDS reveal they knew of significant defects but refer to the defects and repairs as "Cosmetic".

37.     In May 2009, the HUBBARDS sold the Property to Plaintiff through use of a California real estate purchase and sale agreement contract, which included certain statutory disclosure forms. As part of the purchase and sale agreement contract, and as required by California law, the HUBBARDS were required to make full, honest and fair disclosures to Plaintiff of all known Property repairs, conditions, concealments and defects that materially affected the value and desirability of the Property.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

12

38.     On information and belief, MARIO, along with others, listed the Property for sale in early 2008. The HUBBARDS, and other defendants, were fully aware, or should have been aware, that the Property had significant known repairs, conditions, and defects that materially diminished the value and desirability of the Property. Such defects repairs and conditions were unknown to, and not reasonably accessible to or ascertainable by, Plaintiff. On further information and belief, the HUBBARDS and other defendants affirmatively concealed various defects and repairs that materially diminished the value and desirability of the Property. These defects and repairs were unknown to Plaintiff.

39.     On information and belief, starting in 2008 and continuing through the Spring of 2009, Defendants obtained only one offer for the Property. A significant cause of Defendants' inability to sell the Property were the significant known material repairs, defects and conditions located in, around and on the Property. These repairs, defects, and conditions had an adverse effect on the value and desirability of the Property. This included, but was not limited to: water damage and inadequate waterproofing relative to the deck over the garage, inadequate construction to properly support the weight bearing deck over the garage; significant water intrusion through the rear concrete wall into the utility room and under the rear office; significant cracks in the concrete pathway; non-engineered, non-permitted, non-City of Oakland inspected and inadequately installed retaining walls and steps that were not constructed up to building code requirements and subsequently failed during the HUBBARDS ownership. In addition, the front retaining walls were constructed on City of Oakland property without encroachment permits, thereby significantly misrepresenting the appearance of the frontage boundaries, again having an adverse affect on the value and desirability of the Property.

40.     After not being able to sell the Property for an extended period of time through 2008, Defendants engaged in a variety of actions to conceal the above listed defects, including, but not limited to, failing to

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

13

obtain building permits or inspections by the City of Oakland for remodeling and repairs; affirmatively concealing defects; removing evidence of the defects; hiring unlicensed contractors to perform all remodeling at the Property (the unlicensed contractors were knowingly obtained by the HUBBARDS through MARIO's actions and efforts); and other wrongful actions, including, but not limited to, other wrongful actions not yet known or discovered by Plaintiff.

41. Defendants, as the owners of the Property, and as licensed and unlicensed real estate brokers and agents selling said Property, at all times had a common law and statutory duty to disclose known repairs, conditions, concealments, defects, lack of permits and/or city inspections at the Property, unlicensed remodeling and repairs not performed up to building code to all prospective purchasers, including, but not limited to, Plaintiff.

42. Defendant MARIO, despite having his DRE license revoked in 2001 for engaging in fraudulent sales/loan transaction, knew that he and all other defendants had the statutory duty under Civil Code Section 2079 et. seq. to disclose known repairs, conditions, and defects of the Property to all prospective purchasers, including Plaintiff. Despite the loss of his license to sell real estate because of fraud, MARIO continued to sell real estate in the State of California, including orchestrating the sale of the Property to Plaintiff.

43. Except for emails and phone calls from and to PATEL, MARIO was the only person that had direct interaction with Plaintiff in relation to showing and selling the Property. Defendant PATEL directed Plaintiff to communicate only to or through MARIO and to deal exclusively through MARIO for all matters whatsoever concerning or connected to the Property.

44. On information and belief, MARIO's responsibilities for marketing and selling the Property included but were not limited to, taking on the responsibility for inspection of, determination of the need

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

14

for, and/or concealing the defects and need for repairs to the Property. On information and belief, with the knowledge and agreement of the HUBBARDS, MARIO, through his unlicensed contracting business, knowingly and willfully engaged all the unlicensed contractors to perform interior and exterior work on repairs, remodeling and cover up of defects at the Property prior to the sale to Plaintiff. The HUBBARDS and all other defendants were aware at all times of MARIO's improper actions set forth above, and all knowingly and with the intent to defraud any purchaser, including ultimately Plaintiff, authorized and/or ratified MARIO's actions alleged herein. On information and belief, MARIO paid the unlicensed contractors for work performed directly and then was reimbursed by the HUBBARDS for all unlicensed, non-permitted repairs, including those not completed up to proper building code standards.

45.     Defendants, instead of repairing the known defects to the Property properly, and rather than disclosing the repairs, conditions, and/or known defects of the Property to prospective purchasers, including Plaintiff, made many superficial or "cosmetic" covering ups to the known defects so that the defects would not be visible or detectable through ordinary observation. Other non-disclosed significant, but inadequate, repairs were made to some areas of the Property that were then made inaccessible, so that Plaintiff could not reasonably discover the defects or determine if said defects affected the value and desirability of the Property to Plaintiff.

46.     At various times Defendants marketed the Property without disclosing the known repairs, conditions, and defects to prospective purchasers, including Plaintiff. Defendants' undertook the actions set forth herein for their own, and/or other defendants' financial gain. Failure to disclose the defects that materially affected the value and desirability of the Property enabled the HUBBARDS to perpetrate fraud on unsuspecting prospective purchasers, including Plaintiff, and enabled DEBTOR to personally obtain financial gain and/or commission from the sale of said Property.

**FIRST CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT-**
**INDUCEMENT TO PURCHASE PROPERTY**
(Against DEBTOR and all defendants)

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

15

47. Plaintiff re-alleges and incorporates Paragraphs 1 through 46 inclusive as if fully set forth herein.

48. In or about March-April 2009, Plaintiff was enticed by Defendants' advertising of the Property for sale. Plaintiff had contact initially with defendant PATEL, but never met with PATEL, who claimed he was unavailable because he was overseas in England. PATEL further directed Plaintiff to have and make all contact regarding the Property through MARIO, and at PATEL's direction, Plaintiff did so. Patel unlawfully made DEBTOR-MARIO his sub-agent by giving Plaintiff such direction to work through MARIO in all aspects of the purchase of the Property. HUBBARDS knowingly ratified and adopted such unlawful sub-agency, in addition to entering into the direct agency relationship between HUBBARDS and MARIO and/or MARIO/FEUSIER III related companies.

49. At all times, the actual showing agent and broker in the transaction with Plaintiff was MARIO, whose real estate sales/brokers' licenses were revoked. Contrary to his status of having a revoked license, on information and belief, MARIO was allowed by the other defendants to act as the sole agent and broker in this transaction, and further knowingly and intentionally allowed to act by defendants PATEL, HEATH, LENDERS, and HUBBARDS, at the Property without the other defendants' direct supervision. MARIO showed the property to Plaintiff; MARIO made representations concerning the Property, its lack of defects and its condition; as agent for the other defendants, including the HUBBARDS. Besides showing the Property, DEBTOR was responsible for making or providing for the repairs to the Property through his contracting business. On information and belief, all repairs, remodels and concealments of material defects and conditions by the HUBBARDS over several years were intentionally and knowingly performed through DEBTOR by unlicensed contractors, without obtaining City of Oakland ("City") building permits, without City inspections, and were not performed or conforming to applicable building codes, all of which Plaintiff was unaware of and had no ability to discover using reasonable means. At all

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §727 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

16

times DEBTOR, LENDERS, FEUSIER III, PATEL and HUBBARDS were aware that all work done on the Property to remodel, repair and conceal defects were done without permits or inspections, and not in conformity to building codes, and that significant defects still existed at the Property which were not disclosed to Plaintiff.

50.     Defendants, as agents and brokers for, or having the status of agents and/or brokers for the HUBBARDS, (and in the case of MARIO, as a revoked and former broker) knew that they were under a statutory duty under Civil Code Section 2079 et. seq. to Plaintiff. All defendants were required to deal with Plaintiff fairly and honestly and were under a duty required by California case law and by statute to disclose to Plaintiff all known or suspected repairs, conditions, concealments and defects in the Property, especially those concealments, conditions, defects, and repairs that were not apparent or accessible to Plaintiff. Throughout all negotiations starting April 2009 and continuing beyond May 29, 2009 when Plaintiff bought the Property, Defendants failed to make proper disclosures of material repairs, conditions, and defects on and at the Property to Plaintiff. On information and belief, Plaintiff alleges that defendants' failures to make appropriate and required disclosures were intentional, knowing, and deliberate.

51.     Defendants made knowing affirmative false misrepresentations to Plaintiff regarding the lack of material repairs, conditions, concealments, and defects at the Property, thereby inducing Plaintiff's reliance on such statements to enter into the purchase agreement for the Property. Defendants made intentional, knowing, misleading and deceitful, affirmative claims of lack of defects, conditions or repairs on the Property. Defendants also intentionally failed to disclose the various material known conditions, inaccessible repairs and other defects on the Property, in addition to suppressing the information concerning the above stated conditions, repairs and defects, with the intent to defraud Plaintiff, and with

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

17

the intent to induce Plaintiff to purchase the Property. All of Defendants' misrepresentations and failures to disclose were without Plaintiff's knowledge of the true conditions, repairs, defects lack of inspections, City permits and lack of licensed contractors performing the repair work to proper building code.

52.     One such knowing suppression and concealment was by defendants' use of superficial and temporary epoxy-like substance placed over the entirety of the cement pathway at the Property, thereby covering large cracks in the cement and affirmatively concealing the need for replacement of the entire cement pathway.

53.     Another known concealment and suppression of fact, was the failure to inform Plaintiff that there was substantial water damage and leakage through the "new" tiles on the deck-patio located on top of the garage. There was further concealment and suppression that some of the beams underneath the deck-patio inside the garage ceiling (enclosed by the tiles on top of the garage, also enclosed underneath by new sheetrock on the ceiling of the garage), were severely water damaged and molding. In addition, some of the enclosed and inaccessible support beams in the garage had been so severely rotted that they had to be replaced before being covered up by "new" tile and sheetrock. All of this work was performed by unlicensed contractors, without first obtaining City permits or inspections, and was done without any disclosure to Plaintiff, who could not reasonably have discovered the true state of the repairs/defects due to concealment of the damage by new tile and sheetrock installed on the deck floor and garage ceiling.

54.     Another suppression of facts and concealment were affirmative statements by defendants that there were no water leaks inside the Property when there was actually concrete slabs installed by the HUBBARDS on the inside back wall of the house in an unsuccessful attempt to mitigate significant water leaks into the house.

55.     Additional misrepresentations by defendants were made that the soil on the hillside had no issues

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

18

of slippage. Another failure to disclose was in relation to a "new retaining wall" that was not properly engineered, built two times without permits, and the construction itself was in violation of building codes and in addition was unlawfully built and extended onto City of Oakland property.

56.     There were no building permits taken out by Defendants or any licensed (or even unlicensed) contractors that would give actual or constructive notice to Plaintiff of material repairs, conditions, concealments, or defects. Plaintiff did justifiably rely on defendants' affirmative statements of lack of repairs, adverse conditions, concealments or defects, and in light of the acts of concealment of the various defects, such reliance was justifiable at the time by Plaintiff. In purchasing the Property, Plaintiff justifiably relied on defendants' fraudulent statements, fraudulent misrepresentations, and lack of disclosures to his financial and legal damage and detriment.

57.     The statements made by defendants as to the lack of defects at the Property were knowingly false and fraudulent when made, with the intent that Plaintiff rely on such statements and misrepresentations. In addition, defendants' failure to make disclosures of the defects to Plaintiff constituted representation of the non-existence of known repairs, defects, or known conditions at the Property that materially affected the value and desirability thereof.

58.     At all times, defendants knew their statements and misrepresentations were false, or were made in conscious disregard for the truth of the matters asserted. Defendants, and each of them, intended their statements and misrepresentations to induce Plaintiff to purchase said Property. It was foreseeable that defendants' failures to disclose repairs, conditions, concealments and defects, and all other acts and misrepresentations by defendants as set forth herein, would damage Plaintiff's interest and has caused damage to Plaintiff.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

19

59. In fact, Plaintiff did purchase the Property based on defendants and others' acts, omissions, misrepresentations and failures to disclose material repairs, conditions, and defects. If Plaintiff had known about the repairs, conditions, concealments and defects at the Property, Plaintiff would not have purchased, or entered into the agreement to purchase this Property. Plaintiff's reliance on defendants' misrepresentations and failures to disclose known defects was a substantial factor in causing harm to Plaintiff.

60. The fraud and misrepresentation as set forth herein has damaged Plaintiff in an amount in excess of $130,000 plus in excess of $35,000 for another person's lost time spent remedying the non-disclosed conditions and defects. The exact amount of Plaintiff's damages has not yet been completely determined, and Plaintiff will amend this claim to reflect the additional damages as they become fully known. Defendants' fraud and misrepresentations were material in that they had a significant and measurable effect and devaluing on the market value of the subject Property in an amount that is not fully determined at this time, but in an amount in excess of $130,000 less than the closing price of $600,000. Plaintiff suffered damages in that amount in addition to other proximately caused direct, consequential damages to Plaintiff.

61. All defendants are jointly and severally liable to Plaintiff for all damages for their own acts and for each other defendants' misstatements, acts and omissions, and for the acts, intentional misstatements, and omissions of the other defendants as the agents of, principals of, employers of the other, and as principal brokers for the other and under all theories of vicarious liability and respondeat superior.

62. Defendants' actions separately and in concert were malicious, oppressive and made with the intent to damage Plaintiff for personal gain. Such actions were wrongful, unlawful and in disregard for

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

20

Plaintiff's rights, warranting compensatory and consequential damages as proven at trial, in addition to punitive and exemplary damages against defendants and each of them.

## SECOND CAUSE OF ACTION FOR INTENTIONAL FAILURE TO DISCLOSE REPAIRS CONCEALMENTS CONDITIONS AND DEFECTS
### (Against DEBTOR and all defendants)

63.     Plaintiff re-alleges and incorporates Paragraphs 1 through 62 inclusive as if fully set forth herein.

64.     At all times defendants and each of them had a statutory and common law duty to disclose known material conditions, repairs, concealments, and defects on and in the Property to Plaintiff.

65.     Defendants each intentionally, knowingly, and with fraudulent intent failed to make the required disclosures to Plaintiff as required of them by applicable Civil Codes statutes and common law.

66.     Such affirmative knowing and intentional failures to disclose known material repairs, conditions, and defects to Plaintiff induced Plaintiff to purchase the property at cost far in excess of the real and diminished market value thereof. Defendants' acts, representations, and omissions proximately damaged Plaintiff in an amount to be proven at trial but in no event in a sum less than $130,000 in diminished market value and/or direct consequential losses, plus an amount in excess of $35,000 for another person's lost time spent remedying the non-disclosed conditions, repairs, concealments, and defects.

67.     Defendants' actions separately and in concert were malicious, oppressive and were made with the intent to damage Plaintiff for their own personal gain. Such actions were wrongful, unlawful and in disregard for Plaintiff's rights, warranting compensatory and consequential damages as proven at trial, in addition to punitive and exemplary damages against defendants and each of them.

## THIRD CAUSE OF ACTION FOR CONSPIRACY TO DEFRAUD AND INTENTIONAL FAILURE TO DISCLOSE DEFECTS
### (Against DEBTOR and all defendants)

68.     Plaintiff re-alleges and incorporates Paragraphs 1 through 67 inclusive as if fully set forth herein.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

21

69. All defendants conspired with themselves and with the other defendants and agreed to defraud Plaintiff by inducing Plaintiff to purchase the Property without full knowledge or disclosure of the material repairs, conditions, concealments, or defects therein. Further, all defendants acted in concert and conspired to cover up the known repairs, conditions and defects so that they could not be discovered using ordinary observation. Defendants further conspired and deliberately failed to make the disclosures of known repairs, conditions, concealments, and defects to Plaintiff.

70. Such fraudulent non-disclosures and affirmative concealment of defects and conspiracy to commit fraud as set forth herein damaged Plaintiff by the diminished fair market value of the Property by approximately $130,000 less than the sales price, and/or by the direct, consequential out of pocket expenses spent or incurred by Plaintiff in repairing the undisclosed and concealed defects at the Property.

71. Defendants' actions separately and in concert were malicious, oppressive and were made with the intent to damage Plaintiff for their own personal gain. Such actions were wrongful, unlawful and in disregard for Plaintiff's rights, warranting compensatory and consequential damages as proven at trial, in addition to punitive and exemplary damages against defendants and each of them

## FOURTH CAUSE OF ACTION FOR AIDING AND ABETTING
### FRAUDULENT FAILURE TO DISCLOSE DEFECTS
(Against DEBTOR and all defendants)

72. Plaintiff re-alleges and incorporates Paragraphs 1 through 71 inclusive as if fully set forth herein.

73. Defendants are each liable to Plaintiff for knowingly aiding and abetting the other defendants to fraudulently refrain from making, or deliberately failing to make, the proper disclosures to Plaintiff as set forth hereinabove. Such aiding and abetting by each defendant knowingly enabled every other defendant to engage in the fraud that proximately caused Plaintiff's damages set forth above. Plaintiff is entitled to

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

22

recover his damages in excess of $130,000 plus an additional $35,000 in lost time spent by another person remedying the non-disclosed defects.

74.     Defendants' knowing and deliberate aiding and abetting each other to defraud Plaintiff by failure to disclose material repairs, conditions, concealments, and defects and affirmative claims of lack of defects and repairs at and on the Property was oppressive, wanton, malicious, knowing, deliberate, and intentional warranting imposition of punitive and exemplary damages.

## FIFTH CAUSE OF ACTION FOR VIOLATION OF FEDERAL RACKETEER INFLUENCE AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C.§1964

75.     Plaintiff re-alleges and incorporates Paragraphs 1 through 74 inclusive as if fully set forth herein.

76.     Defendants MARIO, FEUSIER III, PATEL, HUBBARDS, HEATH, LENDERS constitutes an ongoing and continuing fraudulent enterprise as defined in the RICO statutes set forth in 18 USC §1961 et seq. and further prohibited in 18 USC §1962, involving multiple fraudulent schemes, using the mail, wire and Internet. Defendants' multiple enterprises engaged in and affected interstate and international commerce. LENDERS, NHLS, TRANS PACIFIC were owned by, and controlled by DEBTOR/FEUSIER III and these defendants' fraudulent activities HUBBARDS knowingly joined in the various enterprises for the purpose of fraudulently selling their property with undisclosed defects and repairs, and with affirmatively concealed defects. PATEL and HEATH knowingly entered into and engaged in the various unlawful schemes and enterprises in association with MARIO/FEUSIER III related businesses and schemes, along with authorizing the overall unlawful use of their licenses by MARIO in DEBTOR/FEUSIER III related investment company schemes, in addition to assisting in the fraudulent sale of the Property to Plaintiff.

77.     Defendants' fraudulent enterprise was enhanced by use of various associated and similar business names that have been identified herein, along with filtering funds to defendants using other related

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

23

business names and bank accounts. On information and belief, West America Bank Account, #0221001860, in the name of PREFERRED REAL ESTATE SERVICES, was controlled by DEBTOR/FEUSIER III, and was used by defendants to defraud DR. MANN investments through TRANS PACIFIC. This same PREFERRED REAL ESTATE SERVICES account was used in the fraudulent sale of the Property to Plaintiff to deposit the commission check for this sale transaction for the purpose of unlawful disbursement of the commission to DEBTOR for unlicensed sales/broker fees.

78.     At all times herein described, defendants, and each of them were engaged in the several enterprises of racketeering activities through such enterprises causing damage and injury to the business and property of Plaintiff herein through the use of wire, Internet and mail fraud, as well as other fraud, schemes and artifacts to defraud Plaintiff and others through the use of wire, mail and electronic transmissions.  The enterprise functions though the association of the individual defendants as an organization in a manner amenable to hierarchical and consensual decision-making.  The activities of this association of defendants, persons and the entities in fact affected interstate and foreign commerce.

79.     In violation of *18 USC §1962 (a)*, defendants received money directly and indirectly from a pattern of racketeering activity and used or invested money directly and indirectly from a pattern of racketeering activity and used or invested, directly and indirectly, a part of such income or the proceeds of such income, in acquisition of an interest in, or the establishment, or operation of, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. Furthermore, in violation of *18 USC §1962(b)-(c)*, the defendants conducted or participated, directly and indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, and conspired to violate the RICO statutes through the use of wire, Internet and mail fraud.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

24

80.     The defendants engaged in a pattern of racketeering, as defined in *18 USC §1961(a)(2)* in that the defendants did engage in wire fraud *(Title 18, United States Code Section 1343)* by transmitting through wire and Internet transmissions as defined in RICO statutes 18 USC §1961 and prohibited in 18 USC §1962 on repeated occasions, including but not limited to, from March 2009 through May 2009, and by repeatedly, and on more than two occasions, transmitting and causing transmitted information to be sent electronically through the Internet to Fischer for delivery to Fischer in California, as well as using the telephone to transmit information to Fischer at Oakland, California. The transmission of documents and information through the mail, Internet and by wire was an integral part of the defendants' fraud and scheme to defraud Plaintiff, as above described.  These uses of wires and electronic transmissions as part of the scheme of fraud constitutes a "pattern of racketeering activities" as defined in *18 USC §§1961(1),(5).*

81.  As a proximate and direct result of the defendants' wrongful acts and conduct as herein alleged, plaintiff Fischer has sustained damages in the minimum amount of $130,000.00, and more according to proof at trial.  Pursuant to *18 USC §1964(c)*, Plaintiff is entitled to three-fold or triple the damages alleged, or $390,000.00, or more according to proof, along with reasonable attorney fees and costs of suit.

**SIXTH CAUSE OF ACTION**
**(FOR THE DETERMINATION OF NONDISCHARGEABILITY**
**OF DEBT UNDER 11 U.S.C. §523 (a) (2) (A) AND (B) FOR FRAUD**
**AND/OR OBTAINING MONEY UNDER FALSE PRETENSES)**

82.     Plaintiff re-alleges and incorporates Paragraphs 1 through 81 inclusive as if fully set forth herein.

83.     When DEBTOR made various knowing misrepresentations, both orally and in writing to Plaintiff concerning the Property, and when DEBTOR affirmatively concealed defects and repairs at the property, and when DEBTOR failed to disclose the known defects, concealed or otherwise, both orally and in writing,  and failed to disclose known repairs at the Property, both orally and in writing, he knew

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

25

the misrepresentations by commission and omission to be false. DEBTOR made the oral and written misrepresentations and took all actions with the intention to induce Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff would so act. In making the misrepresentations and taking all actions as alleged herein, DEBTOR was acting on his own behalf and as agent for the HUBBARDS, acting within the scope of said agency.

84.     Defendants HUBBARDS and PATEL ratified, approved and adopted as their own the false representations by commission and omission made by DEBTOR and their other agents and representatives.  Defendants HUBBARDS obtained money from Plaintiff as a result of DEBTOR's fraudulent representations made orally and in writing.

85.     Plaintiff, at the time these representations were made to him by DEBTOR, and at the time Plaintiff took actions to purchase the Property, was ignorant of the falsity of DEBTOR's representations and believed them to be true.  In reliance on these representations, Plaintiff was induced to purchase, and did purchase, the Property for $600,000. The true condition of the Property and the true value of the Property was not as represented affirmatively and by omission by DEBTOR to Plaintiff.

86.     Had Plaintiff known the actual facts and true condition of the Property, he would not have taken such actions to purchase the Property. Plaintiff's reliance on DEBTOR's representations were justified because of the concealed nature of the defects and Plaintiff's inability to reasonably access the areas of defects and/or repairs on the Property.

87.     DEBTOR further misrepresented the conditions of the Property in required disclosure documents that did not disclose the true conditions of the defects, concealed or otherwise, nor the significant repairs made to the Property that were done by DEBTOR without proper contractors licenses, without City of Oakland inspections, were done not up to applicable building codes, and not reasonably

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

26

1  known or accessible to Plaintiff. DEBTOR affirmatively and knowingly, with the intent to defraud this

2  Plaintiff in particular, failed to disclose the Property repairs/defects/conditions to Plaintiff in order to

3  obtain a commission for himself and to complete the sale and obtain money and funds for the

4  HUBBARDS. DEBTOR in fact did so obtain commission for himself and the HUBBARDS did so

5  obtain money from the fraudulent sale of the Property .

6

7  88.    DEBTOR did obtain said commission for himself by flowing the funds made payable to his

8  personal fictitious business name, PREFERRED REAL ESTATE, through the PREFERRED REAL

9  ESTATE SERVICES bank account at West America, and then by failing to pay any broker or sales

10  person their commission.

11  89.    As a direct result of the acts of DEBTOR and defendants as alleged herein, Plaintiff was

12  damaged in the sum of $130,000 in diminished value of the property and incurred damages in such sum

13  by out of pocket expenditures. Plaintiff incurred additional losses and damages remedying DEBTOR's

14  fraudulent representations in an additional sum of $35,000.

15

16  90.    As a direct result of the acts as alleged, DEBTOR acted with fraud, oppression, or malice, and

17  Plaintiff is therefore, entitled to punitive damages from DEBTOR.

18  WHEREFORE, Plaintiff prays for judgment against DEBTOR under 11 U.S.C. §523(a)(2)(A) and (B).

19  Plaintiff requests a determination and declaration that this debt is nondischargeable in its entirety.

20
### SEVENTH CAUSE OF ACTION
21  **(FOR THE DETERMINATION OF NONDISCHARGEABILITY**
**OF DEBT UNDER 11 U.S.C. §523 (a) (6) FOR WILLFUL AND MALICIOUS**
22  **INJURY BY THE DEBTOR TO THE PROPERTY OF PLAINTIFF)**

23  91.    Plaintiff re-alleges and incorporates Paragraphs 1 through 90 inclusive as if fully set forth herein.

24  92.    As alleged hereinabove, DEBTOR either possessed the subjective motive to deprive

25  Plaintiff of his money for his and/or the HUBBARDS' personal gain, or DEBTOR believed that it

26

27  COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4);
   11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B);
   FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE

28  DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS;
   VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

was substantially certain that Plaintiff would purchase the Property with defects but Plaintiff would need to repair or remedy at the undisclosed damages and defects, and at a later time be required to repair the concealed defects, and otherwise bring the undisclosed repairs up to applicable building codes.

93. DEBTOR's actions as alleged herein were malicious in that the damage caused to Plaintiff was a result of DEBTOR's wrongful acts, done intentionally, which necessarily caused the loss to Plaintiff in diminished value of the Property and out of pocket expenses repairing the defects and concealed inappropriate repairs to the Property done by DEBTOR on behalf of HUBBARDS.

WHEREFORE, Plaintiff prays for judgment against DEBTOR under 11 U.S.C. §523(a)(6). Plaintiff requests a determination and declaration that this debt is nondischargeable in its entirety.

### EIGHTH CAUSE OF ACTION
### (FOR THE DETERMINATION OF NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §727 (a) (12) AND §522 (q) (1) (B) FOR LIABILITY UNDER THE RICO STATUTES

94. Plaintiff re-alleges and incorporates Paragraphs 1 through 93 inclusive as if fully set forth herein.

95. As alleged herein, based on the unlawful enterprises engaged in by DEBTOR and the other defendants, DEBTOR's debt to Plaintiff for damages arises under the RICO Act as set forth in 18 USC §1961 et seq.

96. DEBTOR's debts to Plaintiff and to all other creditors of his estate are nondischargeable under 11 U.S.C. §727 (a) (12) and 11 USC §522 (q) (1) (B).

WHEREFORE, Plaintiff prays for judgment against the defendant under 11 U.S.C. §523(a)(6). Plaintiff requests a determination and declaration that all of DEBTOR's debts are nondischargeable in their entirety.

### NINTH CAUSE OF ACTION
### (FOR THE DETERMINATION OF NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §727 (a) (2), (a) (3), (a) (4), (a) (5)

97. Plaintiff re-alleges and incorporates Paragraphs 1 through 96 inclusive as if fully set forth herein.

98. On information and belief, Plaintiff alleges that DEBTOR has already engaged in the following acts prohibited by 11 U.S.C. §727 (a) (2), (a) (3), (a) (4), (a) (5):

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

28

a.     At the 341(a) meeting of creditors and in his schedules filed under oath, DEBTOR made knowing, fraudulent and false oaths and accounts in or in connection with his bankruptcy case;

b.     DEBTOR, with intent to hinder, delay, or defraud his a creditors and the Bankruptcy Trustee, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition;

c.     DEBTOR has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained;

d.     DEBTOR withheld from the Bankruptcy Trustee recorded information, including books, documents, records, and papers, relating to the debtor's property and/or financial affairs;

e.     DEBTOR has failed to explain satisfactorily, loss of his assets or deficiency of assets to meet the DEBTOR's liabilities;

WHEREFORE, Plaintiff prays for judgment against the defendant under 11 U.S.C. §727 (a) (2), (a) (3), (a) (4), (a) (5). Plaintiff requests a determination and declaration that all of DEBTOR's debts are nondischargeable in their entirety.

Wherefore, Plaintiff requests judgment in his favor against DEBTOR, and all defendants and each of them, jointly and severally, as follows:

1.     For compensatory damages against each DEBTOR, individually and all defendants, jointly and severally, as proven at trial but in no event less than $130,000 plus $35,000 for time loss spent remedying defendants non-disclosures and defects at the Property;

2.     For punitive or exemplary damages against DEBTOR and each defendant as deemed warranted by the Court under each applicable cause of action plead herein;

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6); 11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT

29

3. For statutory costs and disbursements herein;

4. For all further relief deemed appropriate, just, and reasonable;

5. For costs and attorney fees;

6. For treble damages and attorney fees as provided by 18 USC §1964;

7. For a determination and declaration by the Court that the amount of any Judgment against DEBTOR is nondischargeable under 11 USC §523 (a) (2) (A), and/or 11 USC §523 (a) (6);

8. For a determination and declaration by the Court that the amount of all of DEBTOR's debts are nondischargeable under 11 U.S.C. §727 (a) (12) AND §522 (q) (1) (B) for liability under the RICO statutes;

9. For a determination and declaration by the Court that the amount of all of DEBTOR's debts are nondischargeable under 11 U.S.C. §727 (a) (2), (a) (3), (a) (4), (a) (5) ;

10. For any other relief by the Court deemed just and reasonable.

Date: May 25, 2012

Respectfully Submitted:

_____
MARK CARTON
ATTORNEY FOR PLAINTIFF
BRIAN M. FISCHER

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC § 523 (a) (2) (A); 11 USC §23 (a) (4); 11 USC §523 (a) (6);  11 USC §523 (13); 11 USC §727 (a) (2), (a) (3), (a) (4), (a) (5), (a) (6); 11 USC §522 (q) (1) (B); FRAUDULENT CONCEALMENT-INDUCEMENT TO PURCHASE PROPERTY; INTENTIONAL FAILURE TO DISCLOSE DEFECTS; CONSPIRACY TO DEFRAUD; AIDING AND ABETTING FRAUDULENT FAILURE TO DISCLOSE DEFECTS; VIOLATION OF RICO STATUTES 18 USC §1961 ET SEQ.; NEGLIGENT